MILLS et al. v. LEWIS et al.

(Circuit Court of Appeals, Ninth Circuit. August 19, 1901.)

No. 629.

BANKRUPTCY—PROOF AND ALLOWANCE OF CLAIMS—PREFERRED CREDITORS.

A payment on account, made by an insolvent within four months prior to his bankruptcy, constitutes a preference, which must be surrendered, under Bankr. Act 1898, § 57g, before the creditor can prove the remainder of his debt; notwithstanding it was made in the usual course of business, and without knowledge on the part of the creditor of the debtor's insolvency, and without relation to the state of the account at the time.

Appeal from the District Court of the United States for the Southern District of California.

John D. Works and Bradner W. Lee, for appellants.
I. H. Johnson and Edward W. Forgy, for appellees.

Before GILBERT and MORROW, Circuit Judges, and HAWLEY, District Judge.

MORROW, Circuit Judge. This is an appeal by creditors of Fixen & Co., bankrupts, from an order of the United States district court in bankruptcy, disallowing appellants' claim against said bankrupts' estate. It appears that the bankrupts were customers

of the appellants, and purchased goods from them at various times within four months from the filing of the petition in bankruptcy, and during the same four months, in the ordinary and usual course of business, made a payment on account to the appellants in the sum of $288.66. The bankrupts were insolvent at the time this payment was made, but the fact of such insolvency was unknown to the appellants. After the adjudication in bankruptcy, the appellants presented their claim to the referee for allowance, to the amount of $1,138.29, as being the amount due them from the bankrupts on open account. Objection was made to the allowance of this claim by the appellees,—one a creditor of the bankrupts, and the other the trustee of the bankrupts' estate,—on the ground that the payment of $288.66 by the bankrupts within the four months' period constituted a preference, under section 60, subds. a, b, of the bankrupt act, precluding the allowance of their claim unless the amount of this preference was surrendered by the appellants. Upon the hearing, the objection was sustained by the referee, and an order made disallowing their entire claim unless the preference adjudged to have been received was surrendered within 30 days' time. The case was then brought before this court upon appeal from the order of the district court. In the case of In re Fixen in this court (42 C. C. A. 354, 102 Fed. 295, 50 L. R. A. 605), it was held that a creditor who had received a partial payment of his debt while the debtor was insolvent, and within four months before the latter became bankrupt, could not prove the balance of his debt as a claim against the estate of the bankrupt without surrendering the preference so received, notwithstanding the fact that the payment was made in the ordinary course of business, and that the creditor had no knowledge or reasonable cause to believe that the debtor was insolvent or that a preference was intended. This construction placed upon the provisions of the bankrupt act has since been affirmed in the recent case of Carson, Pirie, Scott & Co. v. Chicago Title & Trust Co., 5 Am. Bankr. R. 814, 21 Sup. Ct. 906, 45 L. Ed. 1171. The present case arises in the same bankruptcy proceedings as in the former case in this court (In re Fixen, supra), and the facts are substantially the same; the only difference being that in the former case the claim of the creditor included goods sold to the bankrupts both before and after the preferential payment, while in the present case the claim of the creditor is entirely for goods sold to the bankrupts before the preferential payment was made. Furthermore, it appears that the several bills of merchandise involved in the claim of the creditor were sold on 30 and 60 days' credit, and that bills amounting to $755.38 had not yet become due when the payment which the creditor has been required to surrender was made by the bankrupts. If there is any difference in the legal effect of the payments made by the bankrupts in these two cases, it must be that a payment on account, in the ordinary course of business, followed by further purchases on credit, is less preferential in its character than one where no such credit is received. Especially is this so where there is an actual preference in a payment made in advance of the maturity of the debt. It is contended by

110 F.—33

the appellants, however, that there was no legal or actual preference in this case, for the reason that the value of the merchandise sold to the bankrupts during the four months prior to their bankruptcy was in excess of the payment made by them, and that, as the estate of the bankrupts was thereby enriched by the transaction between creditor and debtor, there was no preferential payment on the part of the bankrupts coming within the provisions of the statute. This claim on the part of the creditor is without foundation. The statute declares when a payment made by a bankrupt shall be deemed a preference. The state of the account between the debtor and creditor at the time the payment is made has nothing to do with its character as a preferential payment. The payment in the present case comes within the statute as construed in the cases referred to, and the claim of Mills & Gibb must therefore be disallowed. The order of the district court herein will be affirmed.